In the Matter of HOUSE OF SEAGRAM, INC., et al., Appellants, *v.* STATE LIQUOR AUTHORITY et al., Respondents.

Third Department, July 22, 1968.

*Schreiber & Schreiber* (*Emanuel Becker* and *Lester H. Schreiber* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Grace K. Banoff* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, J. The petitioner has alleged that it is a wholesaler of certain alcoholic beverages imported by it from foreign countries and resold by it in " the package of original importation ".

Section 99-a of the Alcoholic Beverage Control Law requires the petitioner to secure a brand label use permit for the subject imported goods prior to their sale or the solicitation of any orders therefor in this State and further imposes a fee for the said permit based upon sales in this State. The said section 99-a also provides that the subject fees are not applicable if the sales would be exempt from excise taxes pursuant to article 18 of the Tax Law.

Section 424 of the Tax Law imposes an excise tax on liquor except where the State is without power to impose such a tax.

The narrow issue presented to this court is whether or not an excise tax may be imposed by New York State on the *first sale* of alcoholic beverages in their original package in New York State by an importer-wholesaler.

The parties agree that the applicable portion of the United States Constitution is section 10 of article I thereof, commonly known as the Import-Export Clause which prohibits State taxation of imports or exports without the consent of Congress. (See *Department of Revenue* v. *James Beam Co.,* 377 U. S. 341, 344.)

The power of a State to tax chattels imported from foreign countries depends upon whether or not the process of importing has ended prior to the imposition of the tax. (See *Department of Revenue* v. *James Beam Co., supra,* p. 346.) In *Brown* v. *Maryland* (12 Wheat. [25 U. S.] 419) the court held that a tax on the importer for the privilege of selling an article, imported only for sale, was prohibited by the Import-Export Clause. The prohibition against such a tax, however, was limited to levies prior to the incorporation of the goods into the common mass of goods in the State. In the *Brown* case, the statute involved required importers, as a specific class, to obtain a license and pay a fee for the same prior to selling the imported products. In the present case, the subject fee is applied to all wholesalers who sell the subject alcoholic beverages in this'

State. In *Hooven & Allison Co.* v. *Evatt* (324 U. S. 652, 656) the court reiterated the rule of the *Brown* case.

As a general proposition the rule appears to be that goods imported for resale in their original package may not be taxed by a levy on the importer, which levy is related to the sale of the goods. The prohibition against such levies appears to be limited to transactions prior to the goods having reached the market place or point where they are held for sales to consumers.

However, the present case concerns a particular class of goods, to wit: alcoholic beverages.

In 1919 the Eighteenth Amendment to the United States Constitution was duly ratified by the States. This amendment prohibited " the manufacture, sale, or transportation of intoxicating liquors within, the *importation* thereof into, or the *exportation* thereof from the United States * * * for beverage purposes." (Emphasis added.) In 1933 the Twenty-first Amendment to the United States Constitution was duly ratified by the States. This amendment repealed the Eighteenth Amendment and provided in section 2 thereof: " The transportation or *importation* into any State, Territory or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." (Emphasis added.)

The most recent decision of the Supreme Court relating directly to the Import-Export Clause and the Twenty-first Amendment is *Department of Revenue* v. *James Beam Co.* (*supra*). Beam was the sole distributor in the United States of a particular brand of liquor produced in Scotland, shipped via the ports of Chicago or New York to Beam's warehouses in Kentucky and subsequently sold to customers in domestic markets throughout the United States. The applicable Kentucky statute provided: " No person shall ship or transport or cause to be shipped or transported into the state any distilled spirits from points without the state without first obtaining a permit from the department and paying a tax of ten cents on each proof gallon contained in the shipment." (Ky. Rev. Stat., § 243.680, subd. [2], par. [a]). The Kentucky Court of Appeals held that the tax in question, although an occupational or license tax in form, was a tax on imports, noting that the incidence of the tax is the act of transporting or shipping the distilled spirits into the State. The Supreme Court affirmed the Kentucky court and held that the tax was one on imports and thus in violation of the Import Clause; and that the Twenty-first Amendment did not permit the State to lay an impost on imported liquor.

(It might be noted that an *impost* is a generic term for tax; and an excise tax has been defined to mean a type of impost [see Black's Law Dictionary (4th ed.), pp. 672, 889].) In *Beam* the tax was on the act of shipping or transporting the liquor into the State; in the present case we are considering a tax on the sale of liquor which is an excise tax levied when the liquor is *sold* within this State by an importer.

The court in *Beam* referred to the case of *DeBary* v. *Louisiana* (227 U. S. 108) as follows: " The Court upheld under the Wilson Act a Louisiana license tax imposed on the business of *selling* in their original packages wines and liquors imported from abroad. There is nothing in that decision * * * to support the view that Congress intended * * * to consent to state taxation upon importation of liquor." (Emphasis in original.) (*Department of Revenue* v. *James Beam Co., supra,* pp. 345–346, n. 7.) The emphasis of the court on the aspect of selling as opposed to the act of importation (transportation) cannot be ignored and we find in *Beam* an implicit approval of taxation on the *sale* of alcoholic beverages in the original package or otherwise. More support for the theory that there presently is a distinction between a tax on the sale of the subject beverages and a tax on the importation of the goods is found in *Gordon* v. *Texas* (166 Tex. Cr. Rep. 24, affd. 335 U. S. 369). As noted in *Beam,* the tax in the *Gordon* case was held not to be a tax on imports. (See *Department of Revenue* v. *James Beam Co., supra,* p. 345, n. 6.)

In view of the holdings in *Gordon* and *DeBary* and the language in *Beam,* we conclude that by virtue of the Twenty-first Amendment an unusual and exceptional power was given to the States to control alcoholic beverages within its borders and, therefore, the Import-Export Clause is not violated when New York imposes an excise tax on the sale of liquor in its " original package " within the State of New York, regardless of its ultimate destination.

In any event, the present case presents no facts which would indicate that the liquor involved was destined for distribution outside New York. The relief requested by the petitioner herein concerns specific sales of liquor and the fees already paid in connection therewith, and from what would appear in the parties' briefs, it is conceded that this case involves liquor that has come to rest in New York. Moreover, the petitioner seems to concede that the fact that the goods are sold in their " original package " does not necessarily mean that they are still in the process of importation.

If, as would appear, the action deals with alcoholic beverages that have come to rest in New York, then clearly the present excise tax is constitutional, for as it was pointed out in *Brown*, the purpose of the Import Clause was to prevent the seaport States from taking an unfair tax advantage of the inland States.[1] (See *Brown* v. *Maryland, supra,* p. 440.) The court went on to note that "When we are inquiring, whether a particular act is within this prohibition, the question is not, whether the state may so legislate as to so hurt itself, but whether the act is within the words and mischief of the prohibitory clause." (*Ibid.*)

Subsequent cases make clear that the "mischief" to be prevented by the Import Clause was the ability of the importing States to levy a tax on products which were destined for use or resale in the inland States. (*Youngstown Co.* v. *Bowers,* 358 U. S. 534, 545; *Hooven & Allison Co.* v. *Evatt,* 324 U. S. 652, 656, *supra; Woodruff* v. *Parham,* 8 Wall. [75 U. S.] 123, 134–135; License Cases, 8 How. [46 U. S.] 504, 575–576.) Based on the afore-mentioned decisions, we would conclude that an excise tax on liquor that comes to rest in New York and is resold for use in New York State does not violate the Import Clause for the tax is simply not within the purpose of the constitutional prohibition.

Furthermore, the court in *Beam* (p. 346) stated: "There can surely be no doubt, either, of [a State's] plenary power to regulate and control, *by taxation* or otherwise, the distribution, use, or consumption of intoxicants within her territory after they have been imported." (Emphasis added.) In the present case, the petitioner has failed to allege that the liquor was at the time of sale in transit and accordingly the excise tax that could be imposed on the liquor involved would be a tax " after [the liquor has] been imported ".

In sum, it is determined that New York State may constitutionally tax the sale of alcoholic beverages in their "original package" by an importer when the sale is made in the State. It is further determined that the State may in any event impose a tax in like circumstances when the liquor is destined for use and distribution within the State, and that petitioner has failed to allege that the sales in question were otherwise. Thus the present sales are not exempt from the fee levied under section 99-a and, of course, from the foregoing discussion, the fee does

---

1. We might note-that the necessity for the existence of the import clause seems to have abated in modern times inasmuch as all the States can easily become import States as to goods capable of air transportation and to inland seaports by boat.

not violate the Import Clause of the Constitution of the United States.

The judgment should be affirmed.

GIBSON, P. J., AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Judgment affirmed, with costs.